# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSEPH JORDAN,

        Petitioner,    :    Case No. 1:15-cv-773

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Joseph Jordan, is before the Court for decision on the merits on the Petition (ECF No. 1) and Traverse (ECF No. 9), the State Court Record and Return of Writ (ECF No. 6). The reference in the case was recently transferred to the undersigned to balance the workload among Western Division Magistrate Judges (ECF No. 10).

Jordan pleads the following grounds for relief

> **GROUND ONE:** Trial counsel provided ineffective assistance of counsel by failing to inform the Petitioner of his possible defenses of insufficient indictment and venue evidence in violation of his 6th and 14th amendment rights to the United States Constitution.
>
> **Supporting Facts:** The indictment had offenses and bill of particulars had offenses that were not from the charging county and were not proven beyond a reasonable doubt to be connected to that charging county. Counsel failed to inform the Petitioner of this fact before the plea.

1

> **GROUND TWO:** Trial counsel provided ineffective assistance of counsel for failing to request an acquittal after the Petitioner pled guilty to charges that venue was not proven in violation of the Petitioner's 6th and 14th amendment rights to the United States Constitution.
>
> **Supporting Facts:** Trial counsel failed to request an acquittal for the state's failure to prove venue and to argue double jeopardy from prosecution for the invalid indictment.

(Petition, ECF No. 1.)

**Procedural History**

On October 12, 2009, the Warren County Grand Jury indicted Jordan on one count of trafficking in cocaine in violation of Ohio Revised Code § 2925.03(A)(2)(Count 1); one count of possession of cocaine in violation of Ohio Revised Code § 2925.11(A)(Count 2); two counts of aggravated trafficking in drugs in violation of Ohio Revised Code § 2925.03(A)(2) (Counts 3 and 4); two counts of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A) (Counts 5 and 6); two counts of possession of criminal tools in violation of Ohio Revised Code § 2923.24(A)(Count 7 and 8); one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(3) (Count 9); and one count of illegal manufacture of drugs in violation of Ohio Revised Code § 2925.04(A)(Count 10).

Jordan filed a host of pretrial motions, including a motion to suppress. The trial court held a hearing and denied the motion to suppress. Following the resolution of the pre-trial issues, Jordan entered into a negotiated plea agreement, entered a plea of guilty to one third degree felony charge of trafficking in cocaine, one third degree felony charge of having weapons under disability, and one second degree felony charge of illegal manufacture of drugs. The

State agreed to dismiss the remaining charges.  The trial court sentenced Jordan to an aggregate 10-year prison sentence  (State Court Record, ECF No. 6-1, PageID No. 94).  Thereafter, the trial court filed an Amended Agreed Order and a Nunc Pro Tunc Agreed Order to correct clerical errors  (State Court Record, ECF No. 6-1, PageID No. 96-98).

On August 29, 2011, Jordan, pro se, filed a motion for leave to file a delayed appeal, a motion for appointment of counsel, and a notice of appeal in the Court of Appeals of Ohio, Twelfth Appellate District, and Warren County.  The court of appeals denied Jordan's motion for leave to file a delayed appeal and dismissed the action with prejudice.  Jordan did not appeal to the Ohio Supreme Court.

On January 13, 2014, Jordan, through new counsel, filed a motion pursuant to Ohio Crim.R. 32.1 to withdraw his guilty pleas based on his argument of ineffective assistance of counsel.  After briefing, the trial court denied the motion  (State Court Record, ECF No. 6-1, PageID No. 129).

On April 7, 2014, Jordan, through counsel, filed a notice of appeal in the Court of Appeals of Ohio, Twelfth Appellate District, Warren County and a motion for appellate counsel to withdraw.  The Twelfth District Court of Appeals granted appellate counsel's request to withdraw and Jordan filed his appellate brief pro se raising the following assignments of error:

> 1. Trial counsel provided ineffective assistance of counsel by failing to inform the Defendant of his possible defenses of insufficient indictment and venue evidence in violation of his 6th and 14th Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution.
>
> 2. Trial counsel provided ineffective assistance of counsel for failing to request an acquittal after the Appellant pled guilty to charges that venue was not proven in violation of the Appellant's 6th and 14th Amendment rights to the United States Constitution, and Article I, Section 10, of the Ohio Constitution.

> 3. The cumulative effect of the errors violated the 6th and 14th Amendments to the United States Constitution and the cumulative effect doctrine.

(Appellant's Brief, State Court Record, ECF No. 6-1, PageID No. 137.)

The Twelfth District Court of Appeals made the following factual findings:

> [*P2] On October 12, 2009, the Warren County Grand Jury indicted Jordan on ten counts related to his alleged activities in trafficking in drugs. On April 28, 2010, pursuant to a plea agreement, Jordan pled guilty to the following five counts (1) Count 1, trafficking in cocaine in violation of R.C. 2925.03(A)(2), a third-degree felony; (2) Count 3, aggravated trafficking in drugs (ecstasy), in violation of R.C. 2925.03(A)(2), a second-degree felony; (3) Count 5, aggravated trafficking in drugs (methadone) in violation of R.C. 2925.03(A)(2), a second-degree felony; (4) Count 8, having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; and (5) Count 9, illegal manufacture of drugs, in violation of R.C. 2925.04(A), a second-degree felony. In exchange for pleading guilty, the remaining five counts were dismissed. Jordan was sentenced on the same day he entered his guilty plea. As part of the plea agreement, Jordan received five years each on Counts 1, 3, 5, and 8, which were to be served concurrent to one another. Jordan also received five years on Count 9, which was ordered to be served consecutively to the other counts. Jordan was therefore sentenced to a total prison term of ten years, with five years being mandatory.

*State v. Jordan*, 2015-Ohio-575 (12th Dist. Feb. 17, 2015).  On February 17, 2015, the Twelfth District affirmed the trial court's decision. *Id.*

Jordan filed a pro se appeal in the Ohio Supreme Court which declined to accept jurisdiction pursuant to Ohio S.Ct.Prac. 7.08(B)(4). *State v. Jordan*, 142 Ohio St.3d 1519 (Ohio 2015).

On October 2, 2015, Jordan, through new counsel, filed a motion for judicial release in the trial court which the state opposed. On November 13, 2015, the trial court granted Jordan's motion to withdraw his motion for judicial release.

4

# ANALYSIS

**Statute of Limitations**


The Warden asserts that the Petition should be dismissed with prejudice because it was untimely filed (Return of Writ, ECF No. 6, PageID 31-38). As the Warden counts the time, it commenced when Jordan's conviction became final when no notice of appeal was filed by June 1, 2010. *Id.* at PageID 32. The statute would then have expired one year later on June 2, 2011, and Jordan did not file here until December 1, 2015, more than four years later. *Id.* at PageID 33.

Jordan seeks to excuse his delay by blaming it on ineffective assistance of trial counsel. He asserts counsel failed to file a timely appeal raising the claims he makes in this habeas corpus case (Traverse, ECF No. 9, PageID 367). Jordan did not file his Motion for Delayed Appeal until August 29, 2011, almost fifteen months after his conviction became final (Motion, ECF No. 6-1, PageID 101). In it he claimed he asked his attorney to file an appeal but "counsel failed to do so." The Twelfth District did not give a reasoning for its denial, but Jordan's own Motion acknowledges that an applicant for delayed appeal must offer a legitimate explanation of (1) why he did not file a timely notice and (2) why he did not submit the motion for delayed appeal within a reasonable time after expiration of the time to appeal of right. *Id*. at PageID 104. Jordan offers an explanation of why he did not file within thirty days of his conviction's becoming final, but he offers no explanation of why he waited another fifteen months to seek a delayed appeal. Certainly he has shown no abuse of discretion on the part of the Twelfth District in failing to grant the delayed appeal after that much delay. Indeed he did not appeal that decision to the Ohio Supreme Court.

In order to rely on ineffective assistance of trial counsel to excuse a procedural default in the state courts, a habeas petitioner must exhaust the ineffective assistance of trial counsel claim in the state courts first. *Edwards v. Carpenter*, 529 U.S. 446 (2000). That Jordan also has not done. His claim of ineffective assistance of trial counsel depends on facts outside the record, to wit, his claim that he told his trial attorney to appeal and the attorney failed to do so. That claim of ineffective assistance of trial counsel could have been presented to the Ohio courts by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21, but Jordan has never filed such a petition and the time for doing so has long since expired.

Jordan relies heavily on the arguments made in his Motion to Withdraw Guilty Plea, filed January 13, 2014, that trial counsel allowed him to plead guilty to counts arising in Montgomery and Butler Counties as well as in Warren County (Motion, ECF No. 6-1, PageID 111). His new counsel on the Motion to Withdraw characterized this as "an absolute constitutional and statutory defense to prosecution in Warren County." *Id.* While as Jordan notes a motion to withdraw does not have an absolute time limit for filing, neither does such a filing reopen the federal statute of limitations for a habeas corpus petition.

Jordan has simply not proved the due diligence necessary to invoke equitable tolling. Due diligence requires not just acting promptly when a defendant finds out about a possible new motion or appeal, but acting promptly to find out about the underlying claim. Jordan offers no explanation for why it took him fifteen months to learn no appeal had been filed or more than two additional years to learn about the venue argument.

Because Jordan has not met the due diligence requirements for equitable tolling, his Petition is barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 29, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).